# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY L. ISOM,<br><br>Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN, Warden,<br><br>Respondent. | Case No. 1:18-cv-00149-MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM**<br><br>**(ECF NO. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241. He complains that he has been denied access to the law library and access to the courts.

**I.  Discussion**

    **A.  Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254[1] Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(4) provides that the rules "apply to proceedings for habeas corpus . . . to the extent that the practice in such proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing 2255 Cases; and has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4).

> court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.  Failure to State Cognizable Claim**

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 or § 2241; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), or pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the "federal analogue" to § 1983. Hartman v. Moore, 547 U.S. 250, 254, 255 n.2 (2006). A Bivens action is the proper remedy for a federal prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. See Prieser, 411 U.S. at 499; Bivens, 403 U.S. 388.

Here, it appears that a petition for writ of habeas corpus brought pursuant to § 2241 is not the proper vehicle for the claims Petitioner presents. Petitioner challenges the denial of his access to the law library and the courts. These claims do not implicate the fact or duration of his confinement. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2241.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Thus, Petitioner will be provided the opportunity to file an amended petition.

///

**II. Order**

It is HEREBY ORDERED that:

1. Petitioner shall show cause, within thirty days of the date of service of this order, why the petition should not be dismissed for Petitioner's failure to state a cognizable habeas claim;
2. If Petitioner chooses to amend his petition, he must file his amended petition for writ of habeas corpus within thirty days of the date of service of this order; and
3. Failure to respond to this order will result in a recommendation that the petition be dismissed.

IT IS SO ORDERED.

Dated: February 14, 2018      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE