UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY L. ISOM,<br><br>Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN, Warden,<br><br>Respondent. | Case No. 1:18-cv-00149-MJS (HC)<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE TO THIS MATTER**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF JURISDICTION**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE**<br><br>**CLERK TO SEND PETITIONER BLANK CIVIL RIGHTS COMPLAINT FORM AND BLANK APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER** |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus 17 pursuant to 28 U.S.C. § 2241. He complains that he has been denied access to the law library and access to the courts.

It appearing that the petition does not state a claim within the Court's habeas jurisdiction, the undersigned ordered Petitioner to show cause why the petition should not be dismissed. (ECF No. 5.) Petitioner responded by stating that he inadvertently

submitted a § 2241 petition when he should have submitted a civil rights complaint form. (ECF No. 6.)

In light of Petitioner's response indicating his intent to file a civil rights action, the Court will recommend dismissal of the instant petition, without prejudice to Petitioner bringing his claims in a separately-filed civil rights action.

**I.      Procedural Grounds for Summary Dismissal**

The Rules Governing Section 2254 Cases in the United States District Courts are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Rule Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042–43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**II.     Discussion**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. A federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255. A petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). Writ of habeas corpus relief is available

under § 2241 if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

Here, a petition for writ of habeas corpus brought pursuant to § 2241 is not the proper vehicle for the claims Petitioner presents. Petitioner challenges the denial of his access to the law library and the courts. These claims do not implicate the fact or duration of his confinement. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2241. These claims should be dismissed. It does not appear that any tenable claim for relief could be pleaded, even if leave to amend were granted. Jarvis, 440 F.2d at 14. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to Bivens. Petitioner acknowledges as much. (ECF No. 6.)

**III.    Conversion to Civil Rights Action**

In an appropriate case a habeas petition may be construed as a civil rights complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the Wilwording case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of

deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Finally, in a civil rights action, the plaintiff may name as defendants only those individuals who personally participated in the deprivation of his rights, and must adequately link each defendant to the alleged constitutional violation. Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Here, Petitioner names only the warden, who has no readily apparent involvement in Petitioner's claims.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, the Court will recommend the case be dismissed without prejudice to Petitioner presenting the claims in a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), rather than a habeas petition. Any such complaint will be assigned a separate civil number.

**IV. Conclusion and Recommendation**

Because Respondent has not appeared or consented to Magistrate Judge jurisdiction, the Clerk of Court is directed to assign this matter to a district judge. Additionally, the Clerk is directed to send Petitioner a blank civil rights complaint form and a blank application to proceed in forma pauperis by a prisoner.

Additionally, it is HEREBY RECOMMENDED that the petition be dismissed without prejudice to Petitioner's right to file a separate civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

4

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with the findings and recommendations, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 12, 2018   /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE